FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 2 5 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVIE WHITEHORN                                                        PLAINTIFF

VS.                                  NO.____3:20-cv-00383 DPM____

MAVERICK TUBE CORPORATION
f/k/a Tenaris Hickman                                                  DEFENDANT

This case assigned to District Judge____MARSHALL
and to Magistrate Judge____KEARNEY

**COMPLAINT**

1.      This is an action to remedy the termination of the Plaintiff, Stevie Whitehorn

("Whitehorn"), from Defendant, Maverick Tube Corporation f/k/a Tenaris Hickman ("Maverick"),

at its Blytheville, Arkansas plant, in violation of his rights because of his race (African American),

the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 and 29 U.S.C. §

6101, and in retaliation for a complaint he made to management.

2.      Plaintiff is entitled to relief for racial discriminatory acts and discharge by the

Defendant herein under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e

et seq., and the Civil Rights Act of 1991, and 42 U.S.C. § 1981.  Plaintiff also states a cause of

action against the Defendant for violating the Arkansas Civil Rights Act.

3.      Section 703 of the Civil Rights of 1964 (Title VII), 29 U.S.C. § 20003-2(a)(1),

provides that it is "an unlawful employment practice for an employer....to discriminate against

any individual with respect to his compensation, terms, conditions, or privileges of employment

because of such individual's race, color, religion, sex or national origin."

4.      42 U.S.C. § 1981 states that all persons within the jurisdiction of the United States

shall have the same right in every State and Territory to make and enforce contracts, to sue, be

parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

5.      The ADEA protects certain applicants and employees, 40 years of age and older, from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 621.

## Jurisdiction

6.      The Court has jurisdiction of this action based upon 28 U.S.C. § 1343 (a)(3)-(4). Jurisdiction for this action is provided by 42 U.S.C. § 2000(e)-5, which allows for injunctive and other remedial relief, as well as damages for discrimination in employment.  Jurisdiction for this action is also provided by 42 U.S.C. § 1981.

## Supplemental Jurisdiction

7.      "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).  Many of the state law claims asserted herein by Plaintiff as hereinafter set forth can be heard by this Court as a matter of supplemental jurisdiction.

8.      This is a legal action seeking compensatory and punitive damages as well as equitable remedies.

9.      Plaintiff timely filed a Charge of Discrimination on the basis of race and retaliation with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Suit Rights on or about August 28, 2020, attached hereto as *"Exhibit A."*

Parties

10.      The Plaintiff is a 63-year-old African American male citizen, residing in Blytheville, Mississippi County, Arkansas.

11.      Defendant Maverick is a foreign for-profit corporation organized under the laws of the State of Delaware, doing business in Arkansas.  At all relevant times, Maverick has been and is now doing business in the State of Arkansas and the City of Blytheville, and has continuously had and does now have at least 80 employees.  Maverick is a St. Louis, Missouri based manufacturer of tubular products in the energy industry for exploration, production, and transmission, as well as industrial tubing products (steel electrical conduit, standard pipe, pipe piling and mechanical tubing).

12.      Defendant's agent for service is CT Corporation System, 425 West Capitol Avenue, Little Rock, AR 72201.

13.      This action is properly filed within the applicable statute of limitations; a copy of Plaintiff's Notice of Suit Rights is attached as Exhibit "A".

14.      Defendant at all relevant times met all statutory requirements under 42 U.S.C. § 2000e et seq.

COUNT I<br>(Race)

15.      Plaintiff Whitehorn is: 1) a member of a protected class, African American, black, 2) was qualified for the position, performing competently, 3) passed over for promotions and fired

3

in spite of meeting the employer's standards, and 4) individuals were hired and/or promoted in Plaintiff's place.

16.     Plaintiff was hired February 7, 2003 as a truck operator/spotter operator at the rate of $10.00 per hour.

17.     Plaintiff received a $.50 to $1.00 per hour raise every year, plus two bonuses, one because he worked outside and one because he worked on production.

18.     Plaintiff was pretextually discharged on January 20, 2020 for allegedly failing to follow company procedure.

19.     Three or four months before Plaintiff's discharge, Plaintiff was written up allegedly for running over a board which had been stacked on a rail and Plaintiff's tire on his truck flipped it up.

20.     Plaintiff was written up a second time when a pipe fell off the truck that had ice on it and slid off. Plaintiff did not know about the ice until several weeks later when the supervisor told Plaintiff.

21.     Neither write-up was Plaintiff's fault.

22.     Randy Tune, superintendent over supervisor, told Plaintiff he did not follow procedure over the second write up. Randy Tune said Plaintiff didn't put straps on the truck. He took pictures which plainly showed the strap.

23.     The truck tilted up with ice on the pipe at a 45° angle and the pipe slid off.

24.     At the time the pipes slipped off, Plaintiff was suffering prostrate problems and involved with marital problems.

25.     Plaintiff was off work the week before Christmas and went back to work on January 20, 2020 because of being off the week before Christmas and off three weeks with his prostrate problems which required Plaintiff to have a catheter.

26.     Plaintiff had been back to work for three or four hours when Warren Jacob, Plaintiff's immediate supervisor, told Plaintiff he was being fired.

27.     Plaintiff was taken up front to Sharon Morgan, human resources, who told Plaintiff they had to let him go.

28.     Plaintiff asked Sharon Morgan, "Is it because of my age or that I'm black?"

29.     Sharon Morgan told Plaintiff she didn't know.

30.     A white comparator, Mike McCraig, had dropped nine pipes without reprimand, a week before Plaintiff lost five pipes.

31.     Eight years ago, Mike McCraig ran over a white employee at the job site.

32.     Ralph Blankenship, who is black and in his 30's, had pipes come through the cab on him and he didn't get fired.

33.     James Foster, who is black and believed to be 40, was driving down the road and pipes fell off his truck. Nothing happened.

34.     Charles Flowers, Ryan Gentry, and Mike McCraig, all white, each got a three-day suspension for losing pipe.

35.     Quantez Foster, black, got a three-day suspension for losing pipe and knocking down a light pole.

36.     Warren Jacob, Plaintiff's immediate supervisor told Plaintiff to call EEOC "because they didn't do you right."

37.     A doctor found a nodule on Plaintiff's kidney.

38.     The doctor performed a dye test on Plaintiff's heart.

29.     Plaintiff had been sick a lot the last year, Plaintiff's hand swelled up, and Plaintiff had a hole in his eyelid.

40.     A week or two before Plaintiff's discharge on January 20, 2020, Randy Tune pointed his finger at Plaintiff like a gun.

41.     One week before the pipe slid off, Plaintiff asked Randy Tune why he was pointing his finger at Plaintiff. Randy Tune told Plaintiff he had a lot on his mind because he had been laying people off.

42.     Two or three months before Plaintiff's discharge, Randy Tune told everyone, "If you don't like the job because of the roads, go find a job somewhere else."

43.     People were being laid off because business had slowed down.

44.     Plaintiff's write-ups, criticisms, and ultimate discharge were in retaliation for his question and complaint, constituting a pattern of race discrimination.

## COUNT II
(ADEA)

45.     Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

46.     The ADEA protects certain applicants and employees, 40 years of age and older, from discrimination on the basis of age in hiring, promotion, discharge, compensation, or terms, conditions or privileges of employment. 29 U.S.C. § 621.

47.     Plaintiff alleges: (1) he is over the age of 40, (2) he is qualified for the position, (3) he suffered from an adverse employment decision, discharge, and his replacement was sufficiently younger to permit a reasonable inference of age discrimination

48.    Plaintiff's write-ups, criticisms, and ultimate discharge were in retaliation for his

complaint, constituting a pattern of ADEA discrimination.

COUNT III

(Arkansas Civil Rights Act of 1993)

49.    Plaintiff incorporates herein by reference all preceding paragraphs of this

Complaint as if fully set forth herein.

50.    Plaintiff alleges a pendent state cause of action pursuant to the Arkansas Civil

Rights Act of 1993, § 16-123-107, et seq.

51.    Arkansas Code Annotated 16-123-107(a) provides:

(a)   The right of an otherwise qualified person to be free from discrimination
because of race, religion, national origin, gender, or the presence of any sensory,
mental, or physical disability is recognized as and declared to be a civil right.  This
right shall include, but not be limited to:

   (1)    The right to obtain and hold employment without
     discrimination;

52.    Arkansas Code Annotated 16-123-107(c)(1)(A) provides:

(c)(1)(A)   Any individual who is injured by employment discrimination by an
employer in violation of subdivision (a)(1) of this section shall have a civil action
against the employer only in a court of competent jurisdiction, which may issue an
order prohibiting the discriminatory practices and provide affirmative relief from
the effects of the practices, and award back pay, interest on back pay, and, in the
discretion of the court, the cost of litigation and a reasonable attorney's fee.

53.    Arkansas Code Annotated 16-123-107(2)(A) provides:

(2)(A)  In addition to the remedies under subdivision (c)(1)(A) of this section, any
individual who is injured by intentional discrimination by an employer in violation
of subdivision (a)(1) of this section shall be entitled to recover compensatory
damages and punitive damages.

54.    Plaintiff seeks to recover compensatory and punitive damages to the extent allowed

by law, and in the discretion of the Court, to recover the cost of litigation and a reasonable

attorney's fee.

## DAMAGES

55.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

      a.     Loss of actual wages;

      b.     Loss of employee health and welfare benefits;

      c.     Loss of employer/employee sponsored retirement benefits and contribution;

      d.     All reasonable and necessary attorney's fees by or on behalf of Plaintiff;

      e.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

      f.     All reasonable and necessary costs incurred in pursuit of this suit;

      g.     Emotional pain;

      h.     Expert fees as the Court deems appropriate;

      i.     Mental anguish in the past; and

      j.     Punitive damages.

## EXEMPLARY DAMAGES

56.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## SPECIFIC RELIEF

57.    Plaintiff seeks the following specific relief, which arises out of the actions, and/or omissions of Defendant described hereinabove:

        a.    Prohibit by injunction the Defendant from engaging in unlawful employment practices;

        b.    Reinstate Plaintiff to the position and pay grade which Plaintiff held, but for the unlawful employment actions of Defendant.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Lisa Sowell, respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against Defendant for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

Respectfully submitted,

LARRY J. STEELE PLC

By: _Larry J. Steele_
      LARRY J. STEELE (78146)
      P.O. Box 561
      225 West Elm Street
      Walnut Ridge, AR  72476-0561
      (870) 886-5840
      (870) 886-5873 fax
      email:  steelelaw7622@sbcglobal.net
      *Attorney for Plaintiff, Stevie Whitehorn*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

EEOC Form 161 (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Stevie Whitehorn
1413 S. Lee Circle
Blytheville, AR 72315

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2020-10557 | Chris E. Stafford, Investigator | (501) 324-5812 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

08/28/2020
*(Date Mailed)*

Enclosures(s)

cc:
Morgan Hotzel
Legal Director
TENARIS
2200 W Loop S #800
Houston, TX 77027

Virginia M. Swindell
MUNSCH HARDT KOPF & HARR PC
700 Milam, Suite 2700
Houston, TX 77002

EXHIBIT
A