IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVIE WHITEHORN                                                        PLAINTIFF

v.                              No. 3:20-cv-383-DPM

MAVERICK TUBE CORPORATION,
f/k/a TENARIS HICKMAN                                                   DEFENDANT

ORDER

1.    Stevie Whitehorn, an older black man, worked for Maverick Tube for almost seventeen years as a spotter truck operator until he was fired after a safety incident. Whitehorn sues, alleging that he was fired because of his age and race. Many of the material facts are undisputed. Where some genuine dispute exists, the Court takes the record in Whitehorn's favor. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

In December 2019, Whitehorn was transporting a load of industrial steel pipes on his truck when five of them fell off. Each pipe weighed more than two thousand pounds. Maverick Tube investigated the cause of the incident and determined that Whitehorn had not inspected the trailer or strapped the pipes down. Whitehorn says he strapped down the pipes before transporting them, but that ice and lacquer on the pipes caused them to fall off the truck when he drove over the bumpy roads at the facility. The parties agree that during the

investigation, Whitehorn told his supervisor that his mind was not on task. *Doc. 27-2 at 19.* Maverick Tube determined that the incident was caused by Whitehorn's negligence and complacency, and later fired him. *Doc. 27-7 & 27-8.*

Whitehorn was disciplined one other time during his employment with Maverick Tube. In April 2019, he received a written reprimand after he hit a wooden board with his truck, causing the board to fly into the air and break the driver's side window. After an investigation into that incident, Maverick Tube concluded that Whitehorn failed to follow safety procedures due to complacency and over confidence. *Doc. 27-5.*

Whitehorn says that he was fired because of his age and race. Maverick Tube maintains that Whitehorn was fired because he failed to follow safety procedures, committed a serious safety violation, had a prior safety incident on his record, and was an experienced driver that had the training to avoid the accident.

2. Whitehorn alleges racial discrimination under Title VII, the Arkansas Civil Rights Act, and 42 U.S.C. § 1981. The parties agree; there is no direct evidence of race discrimination in this case, so the Court applies the *McDonnell Douglas* burden-shifting framework. *Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014). Maverick Tube argues that Whitehorn hasn't made a *prima facie* case, but Whitehorn's burden is minimal, and the Court therefore assumes he

has done so. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). Maverick Tube offers legitimate, non-discriminatory reasons for firing Whitehorn. The case therefore comes down to pretext. Has Whitehorn presented sufficient evidence such that a reasonable juror could find that Maverick Tube's stated reasons for firing him were merely pretext for discrimination? *Torgerson*, 643 F.3d at 1046.

Whitehorn's race discrimination claims fail for lack of a sufficient comparator. The test at the pretext stage is rigorous. Whitehorn must point to someone who dealt with the same supervisor, was subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances. *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014) (en banc). Whitehorn identifies eight potential comparators, but only two had the same supervisor and held the same position as Whitehorn—Ralph Blankenship and Johnny Johnson. Blankenship and Johnson are the same race as Whitehorn, so they fail as comparators. *Ibid*. Maverick Tube is therefore entitled to judgment as a matter of law on the race claims. *Torgerson*, 643 F.3d at 1042.

3. Whitehorn also alleges age discrimination under the ADEA. He was in his early sixties when he was fired. To avoid summary judgment, he must present evidence that "creates a fact issue as to whether the defendant's proffered reasons are pretextual" and raises "a

reasonable inference that age was a determinative factor in the adverse employment decision." *Tusing v. Des Moines Independent Community School District*, 639 F.3d 507, 516 (8th Cir. 2011) (quotations omitted).

Like his race discrimination claims, Whitehorn relies on comparators. But he hasn't shown that any similarly situated younger employee received more favorable treatment. *Johnson*, 769 F.3d at 613. Johnson is close in age to Whitehorn—Johnson was fifty-eight when Whitehorn was fired. Doc. 27-9 at 1; *Schiltz v. Burlington Northern Railroad*, 115 F.3d 1407, 1413 (8th Cir. 1997). Johnson isn't a sufficient comparator because he is in the same protected group as Whitehorn. *Johnson*, 769 F.3d at 613.

Ralph Blankenship comes the closest to being an adequate comparator. He was thirty-four when Whitehorn was fired. Doc. 27-9. But the parties agree that Blankenship doesn't have any similar safety violations on his record and that he didn't engage in similar conduct involving pipes falling off a truck. Doc. 36 at 9; *Grant v. City of Blytheville*, 841 F.3d 767, 774 (8th Cir. 2016). And he had significantly less experience than Whitehorn. He therefore fails as a comparator on Whitehorn's age claim.

The ADEA requires evidence that age was the but-for cause of the firing decision. *Tusing*, 639 F.3d at 516. Whitehorn hasn't presented enough evidence for a jury to conclude that it was.

\* \* \*

Motion for summary judgment, *Doc. 27*, granted.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

31 March 2023